JENNIFER HENDRICKSON (SBN 262959)
Law Offices of Jennifer Hendrickson
admin@santarosabk.com
703 Second Street, Fourth Floor
Santa Rosa, CA 95404
Telephone: (707)540-6199
Facsimile: (707)540-6434

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TERSITA CARVAJAL<br><br>Debtor. | Case No.: 12-12168<br><br>Chapter 13<br><br>MOTION TO DETERMINE THE VALUE OF CLAIM SECURED BY LIEN ON PROPERTY AND APPLICATION FOR ORDER AVOIDING LIEN<br><br>Hearing Date: December 12, 2012<br>Time: 1:30 p.m.<br>Location: 99 South "E" St., Santa Rosa, CA |

MOTION TO DETERMINE THE VALUE OF CLAIM
SECURED BY LIEN ON PROPERTY AND FOR AN ORDER AVOIDING LIEN

(Wilmington Trust - Second Deed of Trust)

The debtors hereby move pursuant to FRBP Rule 3012 and 11 USC §506 for an order determining the extent of the value of the secured claim of Wilmington Trust and its successors and assignees, and for an order pursuant to 11 USC §1322 avoiding the lien held by Wilmington Trust, N.A. and its successors and assignees. The motion respectfully represents:

///

///

1

Motion to Avoid    *in re Carvajal*
Case: 12-12168    Doc# 19    Filed: 11/14/12    Entered: 11/14/12 12:55:53    Page 1 of 3

## Relief Requested

A determination that the claim of Wilmington Trust is disallowed as a secured claim, that the value of the Wilmington Trust lien is zero, and for an order avoiding the Wilmington Trust lien.

## Motion

1. The debtors are the owners of a single family dwelling described as 950 Sonoma Glen Circle, Glen Ellen, California 95442 (APN #054-440-006). The debtors are informed and believe based upon the comparable sales of other properties in the neighborhood, and on that basis allege, that the fair market value of the property is $394,900.

2. On or about August 29, 2005, for valuable consideration, debtors executed and delivered a promissory note to First Franklin A Division of Nat. City Bank of In (First Franklin). As part of the same transaction the debtor executed a deed of trust that conveyed a beneficial interest in the Sonoma Glen Circle property to First Franklin to secure payment of the note that was duly perfected with the recording of a deed of trust on August 31, 2005. The Deed of Trust was duly recorded in the County of Sonoma under Document # 2005128846. A true and correct copy of the Deed of Trust is attached here as Exhibit A. The right to receive payments has since been transferred to Select Portfolio Servicing, which is the entity currently holding the note on the loan. The debtor is informed and believes and on that basis alleges that on the day the petition was filed the obligation to the note holder being collected by Specialized Loan Servicing, LLC had a balance of $565,214.95.

3. On or about August 29, 2005, for valuable consideration, debtors executed and delivered a promissory note to First Franklin. The Deed of Trust (Secondary Lien) was duly recorded in the County of Sonoma on August 31, 2005 under Document #2005128847. A true and correct copy of the Deed of Trust for this lien is attached here as Exhibit B. The

2

right to receive payments has since been transferred to Wilmington Trust for collection of the payments under the Deed of Trust (Secondary Lien). The debtors are informed and believe, and on that basis allege, that on the day the petition was filed the obligation to Wilmington Trust had a principal balance of $134,935.01.

4. There is a lack of equity in the Sonoma Glen Circle property in that the balance due to Specialized Loan Servicing and its successors and assignees exceeds the value of the Sonoma Glen Circle property. Therefore the Court should find the Wilmington Trust Second Deed of Trust claim to 1) have a value of zero as an secured claim, 2) find the Wilmington Trust claim unsecured and its lien avoidable upon completion of the debtor's Chapter 13 Plan.

WHEREFORE, the debtors pray the court disallow the claim of Wilmington Trust and its successors and assignees (the Second Deed of Trust) as a secured claim, and for an order avoiding the lien upon completion of the Chapter 13 Plan and the entry of the Chapter 13 discharge.

Dated: November 14, 2012            */s/ Jennifer Hendrickson*
                                    Jennifer Hendrickson
                                    Attorney for Debtor

3